**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


SHANTRICE L. JONES                                      CIVIL ACTION

VERSUS                                                          18-1034-SDD-EWD

SOUTHERN UNIVERSITY, SAGE
REHABILITATION OUTPATIENT,
LEIGH ANN BAKER, AMELIA MAJOR,
DONNA FITZGERALD-DEJEAN,
TERRILYN GILLIS, AND ELAINE
LEWNAU


**<u>RULING</u>**

This matter is before the Court on the *Superseding Motion to Dismiss Under Rules 12(b)(1) and (6)*[1] filed by Defendant, Board of Supervisors of Southern University A & M College ("Southern").  Plaintiff, Shantrice L. Jones ("Plaintiff"), representing herself *pro se*, has filed an *Opposition*[2] to the motion, to which Southern filed a *Reply*.[3]  For the following reasons, Southern's motion shall be granted.

**I.      FACTUAL BACKGROUND**

Plaintiff, an African-American female and a former student of Southern, filed this lawsuit against Southern, several Southern employees, and other defendants, alleging they have violated several federal and state laws.  Plaintiff enrolled in Southern in 2015

---

[1] Rec. Doc. No. 24.
[2] Rec. Doc. No. 61.
[3] Rec. Doc. No. 72.
52947

as a speech pathology graduate student.[4]  At the time of enrollment, Plaintiff requested unspecified accommodations from Southern based on parenting a special-needs daughter.  Southern's response was that it was unaware that Plaintiff was entitled to any such accommodations.[5]  Nevertheless, Plaintiff acknowledges that Southern later provided Plaintiff with accommodations in relation to her education.[6]

During the relevant time period, Defendant Leigh Ann Baker ("Baker") was the Director of Clinical Education for Southern,[7] and Plaintiff claims that, in the fall of 2016 and the spring of 2017, Baker acted as though she was superior to Plaintiff, allegedly based on Plaintiff's race.[8]  Plaintiff alleges that Baker demonstrated "racially motivated micro aggressive behavior" by correcting a term the Plaintiff used in a conversation and also interrupting the Plaintiff in a conversation.[9]  Additionally, Plaintiff claims Baker asked Plaintiff if she had any experience performing hearing screenings but did not ask this same question of a Caucasian student.[10]  Baker also allegedly sent Plaintiff emails that Plaintiff describes as "badgering" and "harassing" and wherein Baker "threatened dismissal out of the program."[11]

In Plaintiff's field of study, Southern requires students to earn a certain number of clinic hours to graduate.[12]  In May 2017, Baker assigned Plaintiff three clinical placements, two of which were on campus and which Plaintiff opposed.  Plaintiff believes

---

[4] Rec. Doc. No. 16, ¶¶ 14-15.
[5] *Id.*, ¶¶ 16-17.
[6] *Id.*, ¶¶ 20, 144
[7] *Id.*, ¶ 4.
[8] *Id.*, ¶ 21.
[9] *Id.*, ¶ 22.
[10] *Id.*, ¶ 19.
[11] *Id.*, ¶¶ 26-27.
[12] Rec. Doc. No. 24-1 at 2.
52947

this was done to interfere with her graduation[13] and demonstrates Baker's bias against African-American students.[14] Because Plaintiff refused to participate in these clinics due to her daughter's care needs, Plaintiff alleges Baker indicated Plaintiff would receive a failing grade and be dropped from the clinic.[15]

The Plaintiff complained about Baker to Southern's student affairs department,[16] and she was advised that Southern was already investigating other student complaints against Baker.[17] Plaintiff was directed to a university committee led by Tavares Walker ("Walker") that was responsible for investigating complaints brought within the speech and language graduate department.[18]

In the fall of 2017, Plaintiff began a clinical placement at Defendant, Sage Rehabilitation Outpatient facility ("Sage") under the supervision of Defendant, Amelia Major ("Major").[19] Plaintiff claims that Baker placing her at Sage was a purposeful effort to sabotage Plaintiff's career goals because Baker knew that Sage maintains a strict attendance policy to which Plaintiff would be unlikely to adhere based on the needs of her daughter.[20] Plaintiff alleges that Major discriminated against her by providing Plaintiff the wrong address for the clinic, inviting white students (but not Plaintiff) to therapist meetings, and critiquing the Plaintiff more strictly than white students.[21]

Plaintiff's attendance at Sage was sparse, allegedly due to the care needs of her

---

[13] *Id.*, ¶ 29.
[14] *Id.*, ¶ 30.
[15] *Id.*, ¶ 31.
[16] *Id.*, ¶¶ 33-35.
[17] *Id.*, ¶ 36.
[18] *Id.*, ¶¶ 52-53.
[19] *Id.*, ¶¶ 40-42, 65.
[20] *Id.*, ¶ 65.
[21] *Id.*

52947

daughter. In early November 2017, Major advised that Plaintiff's numerous absences – 9 out of 15 half or missed days – would affect her grade and possibly lead to her dismissal from the clinic.[22] Plaintiff allegedly responded to Major that Major's behavior was similar to that of Baker's, against whom Plaintiff had filed a complaint.[23] Plaintiff then provided Major with Walker's contact information, ostensibly suggesting that Major would also be subject to this investigation.[24]

Later in November 2017, Plaintiff claims she was "lure[d]" to Southern's campus to meet with Southern professors, also named Defendants herein, Dr. Terrilyn Gillis ("Dr. Gillis"), Dr. Elaine Lewnau ("Dr. Lewnau"), and Dr. Donna Fitzgerald-Dejean ("Dr. Fitzgerald").[25] Plaintiff alleges that these professors accused her of being a liar, a forger, and of trying to intimidate Major by giving her Walker's information.[26] Plaintiff further alleges these professors then advised her that she was being discharged from the clinic program at Sage.[27]

Plaintiff subsequently attended another meeting with Dr. Fitzgerald and Dr. Lewnau[28] wherein Dr. Fitzgerald allegedly defamed Plaintiff by stating that Plaintiff had previously threatened to choke Dr. Fitzgerald.[29] Plaintiff further alleges that Dr. Fitzgerald and Dr. Lewnau defamed Plaintiff by calling her a liar and by claiming that Plaintiff had given false information to Major.[30]

---

[22] *Id.*, ¶¶ 66-67.
[23] *Id.*, ¶ 71.
[24] *Id.*
[25] *Id.*, ¶¶ 78-79. The Court will refer to Dr. Fitzgerald-Dejean as "Dr. Fitzgerald" as Plaintiff refers to this Defendant in this manner throughout her pleadings.
[26] *Id.*, ¶¶ 80-82.
[27] *Id.*, ¶ 83.
[28] *Id.*, ¶¶ 95-96.
[29] *Id.*, ¶ 103.
[30] *Id.*, ¶ 106.
52947

After filing a retaliation complaint with Southern, Plaintiff then attended another meeting with Dr. Fitzgerald and Lewnau.[31]  At this meeting, Plaintiff alleges she was told she would receive a failing grade for her Sage internship, would not receive credit for the hours worked, and would be cited for academic dishonesty.[32]  The Plaintiff advised Walker of these events, Walker informed Plaintiff that the investigation was ongoing, and he assured Plaintiff that the Defendants "<u>would not be allowed to take such actions against the plaintiff</u>."[33]

In December 2017, Plaintiff filed an academic grievance against her professors for their alleged treatment of her.  Although lacking in specifics, Plaintiff alleges in a wholesale manner that "[t]he defendants" retaliated against her by writing a letter to the registrar's office requesting that it:  (1) dismiss Plaintiff from the clinic program; (2) honor the "F" grade she was assigned; (3) suspend her from the Master's Degree program for one year; (4) not allow Plaintiff to enroll in any SECD courses; and administratively remove Plaintiff if she attempts to register for SECD courses.[34]  Plaintiff alleges that she was subsequently de-registered from classes and suspended by Dr. Fitzgerald, Dr. Lewnau, Dr. Gillis, and another professor.[35]  Plaintiff also alleges that, in later meetings, certain defendants stated they would not abide by the ADA accommodations being provided to Plaintiff by Southern.[36]

Plaintiff's academic grievance was initially denied, and she appealed.[37]  Pending

---

[31] *Id.*, ¶¶ 113-18.
[32] *Id.*, ¶ 120.
[33] *Id.*, ¶¶ 121-24 (emphasis in original).
[34] *Id.*, ¶ 133.
[35] *Id.*, ¶ 140.
[36] *Id.*, ¶¶ 144, 148.
[37] *Id.*, ¶ 165.
52947

the appeal, Plaintiff acknowledges that Southern protected her rights, and she continued to enroll in classes and pursue her degree.[38] Plaintiff claims she received the support of Southern's Vice Chancellor James Ammons ("Ammons") during the appeal process, who ensured that Plaintiff remained in all of her classes,[39] and Plaintiff continued to receive ADA accommodations.[40] Ultimately, Plaintiff won her appeal; she was awarded all relief requested by Southern; her "F" grade was expunged; and her Sage clinical hours were credited.[41]

Despite this outcome, Plaintiff alleges that Dr. Lewnau responded to the Vice Chancellor's decision by letter dated July 6, 2018, wherein she advised that she and the faculty department were in total disagreement with the grievance response.[42] Plaintiff claims that the defendants continued to question her about missed appointments for clinical hours and required her to prepare a different presentation than she was originally instructed.[43] Nevertheless, Plaintiff acknowledges she was allowed to graduate and earned her degree.[44]

Notwithstanding her successful appeal and ultimate graduation, Plaintiff filed this lawsuit against Southern, Sage, and related employees.[45] Plaintiff purportedly asserts a plethora of claims under federal statutes as well as state law, and she seeks compensatory damages, punitive damages, and injunctive relief.[46] Southern previously

---

[38] *Id.*, ¶ 169.
[39] *Id.*, ¶¶ 139-42, 171-73.
[40] *Id.*, ¶ 144.
[41] *Id.*, ¶¶ 176-78.
[42] *Id.*, ¶ 181.
[43] *Id.*, ¶¶ 187-89.
[44] *Id.*, ¶ 190.
[45] Rec. Doc. No. 1.
[46] *Id.*
52947

moved to dismiss Plaintiff's *Complaint* on its own behalf and on behalf of its former and current employees named as Defendants.[47]   Thereafter, Plaintiff filed an *Amended Complaint*[48] ostensibly asserting claims under Titles VI and VII of the Civil Rights Act of 1964;[49] Section 504 of the Rehabilitation Act ("RA"), and Title II of the Americans with Disabilities Act ("ADA").[50]   Separate counsel was engaged to represent the individual Southern Defendants, and Southern now brings this renewed and superseding motion to dismiss Plaintiff's claims against it.

## II.   LAW AND ANALYSIS

### A.   Rule 12(b)(1) Motion to Dismiss

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'"[51]   If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "'the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6).'"[52]   The reason for this rule is to preclude courts from issuing advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'"[53]

---

[47] Rec. Doc. No. 17.
[48] Rec. Doc. No. 16.
[49] 42 U.S.C. § 2000e *et seq.*
[50] 42 U.S.C.A. § 12101 *et seq.*
[51] *Crenshaw–Logal v. City of Abilene, Texas*, 436 Fed. Appx. 306, 308 (5th Cir.  2011)(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); s*ee also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); Fed.R.Civ.P. 12(h)(3)).
[52] *Crenshaw–Logal*, 436 Fed.Appx. at 308 (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).
[53] *Id.* (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101 (1998), and *Ramming*, 281 F.3d at 161).
52947

"Article III standing is a jurisdictional prerequisite."[54]  If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim, and dismissal under Rule 12(b)(1) is appropriate.[55]  The party seeking to invoke federal jurisdiction bears the burden of showing that standing existed at the time the lawsuit was filed.[56]  In reviewing a motion under 12(b)(1) for lack of subject matter jurisdiction, a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[57]

Because Plaintiff has abandoned her state law claim against Southern as set forth below, the Court need not address Southern's Rule 12(b)(1) motion based on the defense of sovereign immunity.  Nevertheless, the Court notes that dismissal of this claim would be proper as it well-settled that sovereign immunity "bar[s] federal courts from hearing state law claims brought in federal court against state entities."[58]

## B.    Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[59]  The Court may consider "the complaint, its proper attachments, documents incorporated into

---

[54] *Crenshaw–Logal*, 436 Fed.Appx. at 308 (citing *Steel Co.*, 523 U.S. at 101, 118 S.Ct. 1003, and *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir.1989)).
[55] *Whitmore v. Arkansas*, 495 U.S. 149, 154–55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir.1997).
[56] *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Ramming*, 281 F.3d at 161.
[57] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).
[58] *Raj v. La. State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013).
[59] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
52947

the complaint by reference, and matters of which a court may take judicial notice."[60]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[61]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[62]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[63]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[64]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[65]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[66]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[67]

---

[60] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[61] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

[62] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).

[63] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").

[64] *Twombly*, 550 U.S. at 570.

[65] *Iqbal*, 556 U.S. at 678.

[66] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

[67] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

52947

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts."[68] A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs."[69] Indeed, "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.'[70] A *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[71]

### C.  Plaintiff's Abandoned Claims

First, the Court acknowledges that "*pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers,"[72] and "*pro se* pleadings must be treated liberally."[73] Nevertheless, "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.'[74] A *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[75] Plaintiff has already amended her *Complaint* once in this matter, yet Plaintiff still fails to state a claim upon which relief may be granted.

Although Plaintiff's *Amended Complaint* alleges facts that purportedly trigger a variety of federal statutes, in her *Opposition*, Plaintiff addresses only claims for retaliation

---

[68] *Kiper v. Ascension Parish Sch. Bd.*, 2015 WL 2451998, *1 (M.D. La. May 21, 2015)(citing *Callahan v. C.I.R.*, Civ. A. 99-0295-C-M1, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).
[69] *Id.*
[70] *NCO Financial Systems, Inc. v. Harper–Horsley*, No.07–4247, 2008 WL 2277843 at *3 (E.D.La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).
[71] *Id.*, citing *Birl*, 660 F.2d at 593.
[72] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).
[73] *U.S. v. Robinson*, 78 F.3d 172, 174 (5th Cir.1996); *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).
[74] *NCO Financial Systems, Inc. v. Harper–Horsley*, No.07–4247, 2008 WL 2277843 at *3 (E.D.La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).
[75] *Id.*, citing *Birl*, 660 F.2d at 593.
52947

under Title VI and the ADA.[76]  The Court notes that "stating a claim" does not simply require the mere recitation of facts Plaintiff alleges to have happened; rather, she must state a claim "upon which relief may be granted," meaning Plaintiff must demonstrate in her *Complaint* and in her *Opposition* to the *Motion to Dismiss* how the facts alleged meet the elements of the federal and state laws under which she claims she is entitled to relief.

Plaintiff's failure to address or oppose asserted claims in her *Opposition* results in the abandonment of those claims.[77]  Accordingly, Plaintiff's purported non-retaliation-based Title VI claims, Title VII claims, Rehabilitation Act claims, non-retaliation ADA claims, Title IX claim, and state law defamation claim are deemed abandoned,[78] and these claims are dismissed with prejudice.

### D.    Title VI Retaliation Claim

Plaintiff argues that she has asserted a retaliation claim under Title VI.  Title VI's implementing regulations prohibit the recipient of federal funds from retaliating against any individual who makes a complaint or participates in an investigation under Title VI.[79]

---

[76] Rec. Doc. No. 61 at 18 (objecting that Southern has distorted her claims and affirming that the "main concept" is retaliation); *id.* at 12-16 (arguing in favor of a retaliation claim under Title VI); *id.* at 17–18 (arguing in favor of a retaliation claim under the ADA).

[77] The Court notes in the alternative that the abandoned claims are also substantively without merit based on the allegations of Plaintiff's *Amended Complaint* for the reasons and jurisprudence set forth by Southern in its *Memorandum in Support of Southern's Renewed and Superseding Motion to Dismiss Under Rules 12(b)(1) and (6)*, Rec. Doc. No. 24-1.

[78] *See U.S. ex rel. Woods v. SouthernCare, Inc.*, 2013 WL 1339375 at *7 (S.D. Miss. Mar. 30, 2013)("The Relators did not adequately brief their opposition to the Defendant's Motion to Dismiss Count Three on state law claims of fraud, suppression, and deceit. As such, they have abandoned Count Three. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (concluding that plaintiff's failure to defend her "retaliatory abandonment" claim in response to the defendant's motion to dismiss constituted abandonment of the claim); *Dean v. One Life Am., Inc.*, No. 4:11–CV–203–CWR–LRA, 2013 WL 870352, at *2 (S.D.Miss. Mar. 7, 2013) (holding that by failing to address the defendant's argument in her response, the plaintiff abandoned her claim); *Alexander v. Brookhaven Sch. Dis*t., No. 3:07–CV–640–DPJ–JCS, 2009 WL 224902, at *4 (S.D.Miss. Jan. 28, 2009) (stating that the plaintiff "appears to have abandoned [her Equal Pay Act] claim having not defended it" in her response to the defendant's motion to dismiss), *aff'd*, 428 F. App'x 303 (5th Cir. 2011)).

[79] *Bisong v. University of Houston*, 493 F.Supp.2d 896, 911 (citing 34 C.F.R. § 100.7(e). *See also Peters v. Jenney*, 327 F.3d 307 (4th Cir. 2003)).

52947

To establish a *prima facie* case of unlawful retaliation, Plaintiff must show: "(1) that she engaged in protected activity, (2) that she suffered a material adverse action, and (3) that a causal link exists between the protected activity and the adverse action."[80]  A "causal link" is established when the evidence demonstrates that the employer's adverse employment decision was based in part on knowledge of the employee's protected activity.[81]  To demonstrate a causal link, Plaintiff "must show that the defendant knew about the plaintiff's protected activity."[82]

Southern accurately argues that Plaintiff must bring her Title VI action against Southern, not the individual defendants, because "Title VI sets forth a remedy against an entity not an individual."[83]  With this in mind, Southern argues that Plaintiff must allege that an "appropriate person" at Southern with authority to remedy a Title VI violation had actual knowledge of the retaliatory conduct and responded to it with deliberate indifference.[84]  Southern maintains that Plaintiff's own allegations belie her claim under Title VI.  First, the employees of Southern are not the "appropriate persons" subject to Title VI liability as a matter of law.  Second, the law requires that someone other than the alleged wrongdoer(s) knew of the retaliation and refused to act.[85] Plaintiff has failed,

---

[80] *Id.* (citing *Peters*, 327 F.3d at 320; *see also Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001) (retaliation under Age Discrimination in Employment Act)).

[81] *Id.* (citations omitted).

[82] *Id.* (citing *Manning v. Chevron Chemical Co.*, 332 F.3d 874, 883 (5th Cir. 2003), *cert. denied*, 540 U.S. 1107, 124 S.Ct. 1060, 157 L.Ed.2d 892 (2004)).

[83] *Price v. Housing Authority of New Orleans*, No. 01-3016, 2003 WL 22038409 at *2 (citing *Jackson v. Katy Independent School Dist.*, 951 F.Supp. 1293, 1298 (S.D.Tex.1999)).

[84] Rec. Doc. No. 72 at 2 (quoting *e.g., Doan v. Bd. of Sup'rs of La. State Univ.*, No. 17-3471, 2017 WL 4960266, at *2 (E.D. La. Nov. 1, 2017); *Kirk v. Monroe City Sch. Bd.*, No. 17-1466, 2018 WL 4292355, at *9 (W.D. La. Aug. 24, 2018) (applying the same test to retaliation claims under Title VI), *report and recommendation adopted*, No. 17-1466, 2018 WL 4291750 (W.D. La. Sept. 7, 2018), appeal filed, Oct. 9, 2018.)(internal quotation marks omitted).

[85] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291 (1998).

52947

twice, to identify such an actor who refused to act on her behalf.

Rather, Plaintiff's allegations demonstrate that Southern formed a committee to investigate her complaints;[86] Southern provided Plaintiff with a human resources representative for every meeting with allegedly hostile professors;[87] the committee chair assured Plaintiff that the actions taken against her by the professor-defendants would not be upheld;[88] Vice Chancellor Ammons ensures that Plaintiff remained enrolled in classes pending her grievance appeal;[89] and Ammons sided with Plaintiff and overturned the actions taken by professors, allowing her to graduate and earn her degree.[90] Furthermore, Plaintiff alleges that those faculty members who retaliated against her were demoted, have resigned, or are otherwise no longer employed by Southern.[91]

Accordingly, Plaintiff's allegations, which the Court accepts as true at this stage of litigation, undermine any suggestion that Southern responded to her complaints with "deliberate indifference." Indeed, Plaintiff alleges the contrary as she successfully appealed the actions taken against her, and Southern protected her rights throughout the process. Plaintiff's Title VI retaliation claim against Southern is dismissed with prejudice.

---

[86] Rec. Doc. 16, p. 19, ¶¶ 52–53.
[87] *Id.,* ¶¶ 116–17.
[88] *Id.,* ¶¶ 123–25.
[89] *Id.,* ¶¶ 139–42, 169, 171–73.
[90] *Id.*, ¶¶ 177–78, 190.
[91] *Id.,* ¶¶ 163, 192.
52947

## E. ADA Retaliation Claim

Plaintiff also asserts a retaliation claim under the ADA. The ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[92] The ADA also protects individuals from retaliation for opposing any act that is illegal under the ADA or for participating in any investigation, proceeding or hearing under the ADA.[93] The elements of a retaliation *prima facie* case are: 1) a protected activity; 2) an adverse action; and 3) a causal connection between the two.[94]

Not only has Plaintiff wholly ignored these elements, her allegations demonstrate that any alleged retaliatory conduct was later reversed by Southern. As set forth above, Plaintiff's rights were protected by Southern as she appealed her grievance, every action of which she complained was reversed, and Plaintiff ultimately graduated from Southern with a degree in her field of study. The Court agrees with Southern that Plaintiff suffered no adverse action for purposes of this claim where all initial adverse actions were reversed or unimplemented.[95] Accordingly, Plaintiff's ADA retaliation claim is dismissed.

---

[92] 42 U.S.C. § 12132.
[93] 42 U.S.C. § 12203.
[94] *Ariel B. et rel. Deborah B. v. Fort Bend Independent School Dist.*, 428 F.Supp.2d 640, 665 (S.D. Tex. 2006)(citation omitted).
[95] *See e.g., Cole v. City of Port Arthur*, No. 13-176, 2014 WL 3513366, *10 (E.D. Tex. July 16, 2014); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009); *Ariel B.*, 428 F.Supp.2d at 666.
52947

## III.    CONCLUSION

Accordingly, Southern's *Superseding Motion to Dismiss Under Rules 12(b)(1) and (6)*[96] is GRANTED.  Plaintiff's claims against Southern are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 15, 2019</u>.

 

 

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[96] Rec. Doc. No. 24.
52947