# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SHANTRICE L. JONES

VERSUS

SOUTHERN UNIVERSITY, SAGE
REHABILITATION OUTPATIENT,
LEIGH ANN BAKER, AMELIA MAJOR,
DONNA FITZGERALD-DEJEAN,
TERRILYN GILLIS, AND ELAINE
LEWNAU

CIVIL ACTION

18-1034-SDD-EWD

## RULING

This matter is before the Court on the *Motion to Dismiss Plaintiff's Complaint and Amended Complaint*[1] filed by Defendant, Leigh Ann Baker ("Baker"). Plaintiff, Shantrice L. Jones ("Plaintiff"), representing herself *pro se*, has filed an *Opposition*[2] to the motion. For the following reasons, Baker's motion shall be granted.

## I. FACTUAL BACKGROUND

Plaintiff, an African-American female and a former student of Southern University A & M College ("Southern"), filed this lawsuit against Southern,[3] several Southern employees, and other defendants, alleging they have violated several federal and state laws. Plaintiff enrolled in Southern in 2015 as a speech pathology graduate student.[4]

---

[1] Rec. Doc. No. 29.
[2] Rec. Doc. No. 62.
[3] Plaintiff properly sued the Board of Supervisors of Southern University A & M College.
[4] Rec. Doc. No. 16, ¶¶ 14-15.
53009

<mark>Page 1 of 14</mark>

At the time of enrollment, Plaintiff requested unspecified accommodations from Southern based on parenting a special-needs daughter. Southern's response was that it was unaware that Plaintiff was entitled to any such accommodations.[5] Nevertheless, Plaintiff acknowledges that Southern later provided Plaintiff with accommodations in relation to her education.[6]

During the relevant time period, Defendant-Movant Baker was the Director of Clinical Education for Southern,[7] and Plaintiff claims that, in the fall of 2016 and the spring of 2017, Baker acted as though she was superior to Plaintiff, allegedly based on Plaintiff's race.[8] Plaintiff alleges that Baker demonstrated "racially motivated micro aggressive behavior" by correcting a term the Plaintiff used in a conversation and also interrupting the Plaintiff in a conversation.[9] Additionally, Plaintiff claims Baker asked Plaintiff if she had any experience performing hearing screenings but did not ask this same question of a Caucasian student.[10] Baker also allegedly sent Plaintiff emails that Plaintiff describes as "badgering" and "harassing" and wherein Baker "threatened dismissal out of the program."[11]

In Plaintiff's field of study, Southern requires students to earn a certain number of clinic hours to graduate.[12] In May 2017, Baker assigned Plaintiff three clinical placements, two of which were on campus and which Plaintiff opposed. Plaintiff believes

---

[5] *Id.*, ¶¶ 16-17.
[6] *Id.*, ¶¶ 20, 144.
[7] *Id.*, ¶ 4.
[8] *Id.*, ¶ 21.
[9] *Id.*, ¶ 22.
[10] *Id.*, ¶ 19.
[11] *Id.*, ¶¶ 26-27.
[12] Rec. Doc. No. 24-1 at 2.
53009

this was done to interfere with her graduation[13] and demonstrates Baker's bias against African-American students.[14] Because Plaintiff refused to participate in these clinics due to her daughter's care needs, Plaintiff alleges Baker indicated Plaintiff would receive a failing grade and be dropped from the clinic.[15]

The Plaintiff complained about Baker to Southern's student affairs department,[16] and she was advised that Southern was already investigating other student complaints against Baker.[17] Plaintiff was directed to a university committee led by Tavares Walker ("Walker") that was responsible for investigating complaints brought within the speech and language graduate department.[18]

In the fall of 2017, Plaintiff began a clinical placement at Defendant, Sage Rehabilitation Outpatient facility ("Sage") under the supervision of Defendant, Amelia Major ("Major").[19] Plaintiff contends Baker and Major were friends,[20] and Plaintiff claims that Baker placing her at Sage was a purposeful effort to sabotage Plaintiff's career goals because Baker knew that Sage maintains a strict attendance policy to which Plaintiff would be unlikely to adhere based on the needs of her daughter.[21] Plaintiff alleges that Major discriminated against her by providing Plaintiff the wrong address for the clinic, inviting white students (but not Plaintiff) to therapist meetings, and critiquing the Plaintiff more strictly than white students.[22]

---

[13] *Id.*, ¶ 29.
[14] *Id.*, ¶ 30.
[15] *Id.*, ¶ 31.
[16] *Id.*, ¶¶ 33-35.
[17] *Id.*, ¶ 36.
[18] *Id.*, ¶¶ 52-53.
[19] *Id.*, ¶¶ 40-42, 65.
[20] *Id.*, ¶ 42.
[21] *Id.*, ¶ 65.
[22] *Id.*

53009

Plaintiff's attendance at Sage was sparse, allegedly due to the care needs of her daughter. In early November 2017, Major advised that Plaintiff's numerous absences – 9 out of 15 half or missed days – would affect her grade and possibly lead to her dismissal from the clinic.[23] Plaintiff allegedly responded to Major that Major's behavior was similar to that of Baker's, against whom Plaintiff had filed a complaint.[24] Plaintiff then provided Major with Walker's contact information, ostensibly suggesting that Major would also be subject to this investigation.[25]

Later in November 2017, Plaintiff claims she was "lure[d]" to Southern's campus to meet with Southern professors, also named Defendants herein, Dr. Terrilyn Gillis ("Dr. Gillis"), Dr. Elaine Lewnau ("Dr. Lewnau"), and Dr. Donna Fitzgerald-Dejean ("Dr. Fitzgerald").[26] Plaintiff alleges that these professors accused her of being a liar, a forger, and of trying to intimidate Major by giving her Walker's information.[27] Plaintiff further alleges these professors then advised her that she was being discharged from the clinic program at Sage.[28]

Plaintiff subsequently attended another meeting with Dr. Fitzgerald and Dr. Lewnau[29] wherein Dr. Fitzgerald allegedly defamed Plaintiff by stating that Plaintiff had previously threatened to choke Dr. Fitzgerald.[30] Plaintiff further alleges that Dr. Fitzgerald and Dr. Lewnau defamed Plaintiff by calling her a liar and by claiming that

---

[23] *Id.*, ¶¶ 66-67.
[24] *Id.*, ¶ 71.
[25] *Id.*
[26] *Id.*, ¶¶ 78-79. The Court will refer to Dr. Fitzgerald-Dejean as "Dr. Fitzgerald" as Plaintiff refers to this Defendant in this manner throughout her pleadings.
[27] *Id.*, ¶¶ 80-82.
[28] *Id.*, ¶ 83.
[29] *Id.*, ¶¶ 95-96.
[30] *Id.*, ¶ 103.

Plaintiff had given false information to Major.[31]

After filing a retaliation complaint with Southern, Plaintiff then attended another meeting with Dr. Fitzgerald and Lewnau.[32] At this meeting, Plaintiff alleges she was told she would receive a failing grade for her Sage internship, would not receive credit for the hours worked, and would be cited for academic dishonesty.[33] The Plaintiff advised Walker of these events, Walker informed Plaintiff that the investigation was ongoing, and he assured Plaintiff that the Defendants "<u>would not be allowed to take such actions against the plaintiff</u>."[34]

In December 2017, Plaintiff filed an academic grievance against her professors for their alleged treatment of her. Although lacking in specifics, Plaintiff alleges in a wholesale manner that "[t]he defendants" retaliated against her by writing a letter to the registrar's office requesting that it: (1) dismiss Plaintiff from the clinic program; (2) honor the "F" grade she was assigned; (3) suspend her from the Master's Degree program for one year; (4) not allow Plaintiff to enroll in any SECD courses; and administratively remove Plaintiff if she attempts to register for SECD courses.[35] Plaintiff alleges that she was subsequently de-registered from classes and suspended by Dr. Fitzgerald, Dr. Lewnau, Dr. Gillis, and another professor.[36] Plaintiff also alleges that, in later meetings, certain defendants stated they would not abide by the ADA accommodations being provided to Plaintiff by Southern.[37]

---

[31] *Id.*, ¶ 106.
[32] *Id.*, ¶¶ 113-18.
[33] *Id.*, ¶ 120.
[34] *Id.*, ¶¶ 121-24 (emphasis in original).
[35] *Id.*, ¶ 133.
[36] *Id.*, ¶ 140.
[37] *Id.*, ¶¶ 144, 148.
53009

Plaintiff's academic grievance was initially denied, and she appealed.[38] Pending the appeal, Plaintiff acknowledges that Southern protected her rights, and she continued to enroll in classes and pursue her degree.[39] Plaintiff claims she received the support of Southern's Vice Chancellor James Ammons ("Ammons") during the appeal process, who ensured that Plaintiff remained in all of her classes,[40] and Plaintiff continued to receive ADA accommodations.[41] Ultimately, Plaintiff won her appeal; she was awarded all relief requested by Southern; her "F" grade was expunged; and her Sage clinical hours were credited.[42]

Despite this outcome, Plaintiff alleges that Dr. Lewnau responded to the Vice Chancellor's decision by letter dated July 6, 2018, wherein she advised that she and the faculty department were in total disagreement with the grievance response.[43] Plaintiff claims that the defendants continued to question her about missed appointments for clinical hours and required her to prepare a different presentation than she was originally instructed.[44] Nevertheless, Plaintiff acknowledges she was allowed to graduate and earned her degree.[45]

Notwithstanding her successful appeal and ultimate graduation, Plaintiff filed this lawsuit against Southern, Sage, and related employees, including Baker.[46] Plaintiff purportedly asserts a plethora of claims under federal statutes as well as state law, and

---

[38] *Id.*, ¶ 165.
[39] *Id.*, ¶ 169.
[40] *Id.*, ¶¶ 139-42, 171-73.
[41] *Id.*, ¶ 144.
[42] *Id.*, ¶¶ 176-78.
[43] *Id.*, ¶ 181.
[44] *Id.*, ¶¶ 187-89.
[45] *Id.*, ¶ 190.
[46] Rec. Doc. No. 1.
53009

she seeks compensatory damages, punitive damages, and injunctive relief.[47] Southern previously moved to dismiss Plaintiff's *Complaint* on its own behalf and on behalf of its former and current employees named as Defendants.[48] Thereafter, Plaintiff filed an *Amended Complaint*[49] ostensibly asserting claims under Titles VI and VII of the Civil Rights Act of 1964;[50] Section 504 of the Rehabilitation Act ("RA"), and Title II of the Americans with Disabilities Act ("ADA").[51] Separate counsel was engaged to represent the individual Southern Defendants, and Baker now moves to dismiss all claims brought against her in her individual and official capacities.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[52] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[53] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[54] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

---

[47] *Id.*
[48] Rec. Doc. No. 17.
[49] Rec. Doc. No. 16.
[50] 42 U.S.C. § 2000e *et seq*.
[51] 42 U.S.C.A. § 12101 *et seq*.
[52] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[53] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[54] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
53009

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[55] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[56] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[57] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[58] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[59] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[60]

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts."[61] A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs."[62] Indeed, "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.'[63] A *pro se* litigant is not entitled to greater rights than would be a

---

[55] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[56] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[57] *Twombly*, 550 U.S. at 570.
[58] *Iqbal*, 556 U.S. at 678.
[59] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[60] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[61] *Kiper v. Ascension Parish Sch. Bd.*, 2015 WL 2451998, *1 (M.D. La. May 21, 2015)(citing *Callahan v. C.I.R.*, Civ. A. 99-0295-C-M1, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).
[62] *Id.*
[63] *NCO Financial Systems, Inc. v. Harper–Horsley*, No.07–4247, 2008 WL 2277843 at *3 (E.D.La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).
53009

litigant represented by a lawyer."[64]

### B. Title VI and Title IX Claims

Baker moves to dismiss the individual capacity claims brought against her under Title VI and Title IX, arguing that there is no individual liability under either statute. Baker is correct. In *Gebser v. Lago Vista Indep. Sch. Dist.*,[65] the Supreme Court recognized the similarities between Title VI and Title IX, noting that the two statutes "operate in the same manner."[66] For this reason, jurisprudence interpreting one statute is applicable to the other.[67]

Further, the Fifth Circuit has explicitly declared that there is no individual liability under Title VI and Title IX: "Title VI permits suits only against public or private entities receiving funds and not against individuals."[68] The Fifth Circuit held similarly with respect to Title IX, stating: "Liability under Title IX does not extend to school officials, teachers and other individuals."[69] Accordingly, as there is no individual liability under Title VI or Title IX, these claims brought against Baker in her individual capacity are dismissed with prejudice.

---

[64] *Id.*, citing *Birl*, 660 F.2d at 593.
[65] 524 U.S. 274, 286 (1998),
[66] *Id.* at 286.
[67] *See Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 628 n.14 (N.D. Tex. 2017).
[68] *Muthukumar v. Kiel*, 478 Fed. Appx. 156, 159 (5th Cir. 2012).
[69] *Plummer v. Univ. of Houston*, 860 F.3d 767, 783 n.12 (5th Cir. 2017). *See also Hundall v. Univ. of Texas at El Paso*, No. 13-0365, 2014 WL 12496895, at *15 n.23 (W.D. Tex. Feb. 21, 2014) (collecting cases) (Title IX); *Kirk v. Monroe City Sch. Bd.*, No. CV 17-1466, 2018 WL 4292355, at *4–5 (W.D. La. Aug. 24, 2018), *report and recommendation adopted*, No. CV 17-1466, 2018 WL 4291750 (W.D. La. Sept. 7, 2018)(dismissing Title VI and Title IX claims against individual defendants).
53009

### C. Plaintiff's Title VII Claim

Plaintiff's Title VII claim must also be dismissed. Not only is individual liability unavailable under Title VII,[70] Title VII prohibits discrimination in employment based on protected characteristics including, among other things, race and gender.[71] Plaintiff has not alleged that Baker ever employed Plaintiff or that Baker would qualify as an "employer" under Title VII. There are absolutely no allegations that Plaintiff was the employee of any of the named Defendants, or that any Defendants were Plaintiff's employer, and Title VII is wholly inapplicable to the facts alleged in this case. Accordingly, Plaintiff's Title VII claim against Baker is dismissed with prejudice.

### D. Plaintiff's ADA and RA Discrimination and Retaliation Claims

The ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[72] The ADA also protects individuals from retaliation for opposing any act that is illegal under the ADA or for participating in any investigation, proceeding or hearing under the ADA.[73] The elements of a retaliation *prima facie* case are: 1) a protected activity; 2) an adverse action; and 3) a causal connection between the two.[74] Jurisprudence establishes that caselaw applicable to Section 504 of the RA

---

[70] *See Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir.2008) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir.2002)(same); *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir.1994); *Kiper v. Ascension Parish Sch. Bd.*, 2015 WL 2451998, at *2 (M.D. La. May 21, 2015); *Jarvis v. Circle K Stores*, 2015 WL 1809228, at *4 (M.D. La. Apr. 21, 2015).
[71] 42 U.S.C. § 2000e-2.
[72] 42 U.S.C. § 12132.
[73] 42 U.S.C. § 12203.
[74] *Ariel B. et rel. Deborah B. v. Fort Bend Independent School Dist.*, 428 F.Supp.2d 640, 665 (S.D. Tex. 2006)(citation omitted).
53009

Title II of the ADA apply generally to each other.[75]

As with several other statutes Plaintiff invoked, jurisprudence establishes that the ADA and RA prevent disability discrimination by public agencies and the recipients of federal funds, not officials acting in their individual capacities.[76] Accordingly, all individual capacity claims asserted against Baker under the ADA and the RA are dismissed with prejudice.

### E. Official Capacity Claims

Plaintiff sued Baker in both her individual and official capacities. However, as set forth by this Court in its previous *Rulings* in this case, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[77] Official-capacity suits are nothing more than a "way of pleading an action against an entity of which an officer is an agent."[78]

All allegations of Baker's conduct in connection with Plaintiff's claims took place while Baker was an employee of Southern and was functioning as the Direction of Clinical Education.[79] Because an official capacity suit against Baker is essentially a suit

---

[75] *PlainsCapital Bank v. Keller Indep. Sch. Dist.*, 746 F. App'x 355, 358 (5th Cir. 2018).
[76] *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir.1999) (holding that government officials cannot be sued in their individual capacities under Section 504); *Burns v. E. Baton Rouge Par. Prison Emergency Med. Servs.*, No. 14-0245, 2016 WL 1122242, at *5 (M.D. La. Mar. 4, 2016), *report and recommendation adopted*, No. 14-245, 2016 WL 1189335 (M.D. La. Mar. 22, 2016)("[b]ecause the term 'public entity' in Title II does not include individuals, individual defendants cannot be held personally liable for violations of Title II of the ADA."); *Decker v. Dunbar,* 633 F. Supp. 2d 317, 357 (E.D. Tex. 2008), *aff'd*, 358 F. App'x 509 (5th Cir. 2009)(recognizing that "the Fifth Circuit has held that there is no individual liability in lawsuits under the Rehabilitation Act … there is likewise no individual liability for claims of violations under [Title II] of the ADA."); *Willis v. Lacox*, No. 9:10CV108, 2012 WL 441198, at *8 (E.D. Tex. Feb. 10, 2012)(dismissing claims under the Rehabilitation Act and Title II of the ADA brought against individual defendants "because there is no individual liability under the ADA or the RA…").
[77] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)).
[78] *Id.*
[79] Rec. Doc. No. 16, ¶ 165.
53009

against Southern, and Southern has been named as a Defendant in this matter, Plaintiff cannot maintain official capacity claims against Baker under any theories asserted. Further, the Court has dismissed the ADA and RA claims against Southern in a previous *Ruling* for Plaintiff's failure to state a claim under those statutes.[80]

### F. Defamation Claim under Louisiana Law

Both federal and state courts in Louisiana have held that, "[t]o maintain a defamation action under Louisiana law, a plaintiff must prove the following elements: '(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.'"[81] If any single element of the tort is lacking, the cause of action fails.[82] Further, "'[t]he fault requirement is generally referred to in the jurisprudence as malice, actual or implied.'"[83]

Baker moves to dismiss the defamation claim purportedly asserted against her because Plaintiff has not presented allegations which attribute any allegedly defamatory statement made by Baker. To the extent Plaintiff has ostensibly asserted a defamation claim against Baker when she alleges "and the other defendants" in Paragraph 145 of her *Amended Complaint*, Plaintiff has failed to satisfy the Rule 12(b) pleading requirements. Any references to Baker contained in wholesale, generalized references to "the defendants" fail to meet the Rule 12(b) pleading standard as a matter of law.

---

[80] See Rec. Doc. No. 83.
[81] *Schmidt v. Cal-Drive International, Inc.*, 240 F.Supp.3d 532, 542 (W.D. La. 2017)(quoting *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 674 (La. 2006); *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009)).
[82] *Id.* at 542 (citing *Costello v. Hardy*, 864 So.2d at 139.
[83] *Id.* (quoting *Kennedy* at 674).
53009

Courts within the Fifth Circuit have routinely held that such generalized references to actions by all defendants are insufficient to state a claim.[84] As Baker notes:

> Plaintiff does not allege whether Leigh Ann Baker made any defamatory statements; what those defamatory statements were; or to whom the defamatory statements were published. Further, Plaintiff has not put forth any factual allegations that any allegedly defamatory statements made by Leigh Ann Baker, assuming there were any, were made with actual malice.[85]

Accordingly, any defamation claim purportedly asserted against Baker is dismissed with prejudice.

---

[84] *See, e.g., Petri v. Kestrel Oil & Gas Properties, L.P.*, Civil Action Nos. 09-3994, 10-122, 10-497, 2011 WL 2181316, at * 6 (S.D. Tex. June 3, 2011) ("Plaintiffs have improperly lumped all Defendants together in the amended complaint, which is too vague and ambiguous to state a claim and is devoid of particularized and specific allegations against WGMS as to all allegations of negligence, gross negligence and/or malice."); *Howard v. ABN AMRO Mortg. Group, Inc.*, No. 1:13CV543, 2014 WL 1237317, at * 3 (S.D. Miss. March 26, 2014) (explaining that "the Fifth Circuit has provided that '[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading.' It necessarily follows that the Plaintiff's conclusory allegations against all 'defendants' fail to state a claim upon which relief can be granted as to FHLB and Wells Fargo.") (quoting *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (citing *Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 165–66 (5th Cir. 1999)).
[85] Rec. Doc. No. 29-1 at 13.
53009

### III. CONCLUSION

For the reasons set forth above, Defendant Leigh Ann Baker's *Motion to Dismiss Plaintiff's Complaint and Amended Complaint*[86] is GRANTED. Plaintiff's claims against Baker are dismissed with prejudice.[87]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on August 15, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[86] Rec. Doc. No. 29.
[87] Plaintiff has already once amended her *Complaint* and does not seek leave to amend in her *Opposition*. The Court finds that further attempts to amend would be futile as a matter of fact and law.
53009